DAN R. LARSEN (4865)
CHRISTOPHER J. MARTINEZ (11152)
**DORSEY & WHITNEY LLP**
111 South Main, Twenty-First Floor
Salt Lake City, Utah 84111-2176
Telephone: (801) 933-7360
larsen.dan@dorsey.com
martinez.chris@dorsey.com

*Attorneys for Defendant Ford Motor Company*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| Diane Larsen, Individually and as Personal Representative of the Estate of JESSE LABRUM, Deceased, CAROLYN DUTSON, DON LABRUM, GARY LABRUM, DOYLE LABRUM, and PEARL KOYLE LABRUM<br><br>        Plaintiffs,<br>vs.<br><br>BLUE BIRD CORPORATION; BOISE CASCADE, L.L.C; BORG-WARNER MORSE TEC, LLC as successor by merger to BORG WARNER CORPORATION; CONTINENTAL TEVES, INC.; DANA COMPANIES, LLC; FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to FEL PRO; FORD MOTOR COMPANY; THE GOODYEAR TIRE & RUBBER COMPANY; HONDA NORTH AMERICA, INC; HONEYWELL INTERNATIONAL, INC.; KELSEY-HAYES COMPANY; LEAR-SEIGLER, INC.; LUK-AFTERMARKET SERVICES, LLC; MAREMONT CORPORATION; MORTON INTERNATIONAL, INC., as successor-in-interest to THIOKOL, INC., as successor-in-interest to THIOKOL CORPORATION; PNEUMO ABEX CORPORATION; SCHAEFFLER GROUP USA, INC., a/k/a LUK AUTOMOTIVE SYSTEMS; VOLKSWAGEN GROUP OF AMERICA, | **NOTICE OF REMOVAL**<br><br>Case No.:  2:18-cv-00470-DB<br><br>Judge: Dee Benson |

| INC.; and WINNEBAGO INDUSTRIES INC., Defendants. | |
|---|---|
| | |

Defendant Ford Motor Company (Ford), hereby removes this action from the Third Judicial District Court of Salt Lake County, Utah, pursuant to 28 U.S.C. §§ 1446 and 1332 based upon diversity jurisdiction.  In support of their removal, defendants state as follows:

1.      Plaintiffs filed a Complaint and Jury Trial Demand (Complaint) in the Third Judicial District Court of Salt Lake County, Utah on or about March 28, 2018.  *See* Summons and Complaint, attached hereto as **Exhibit A**.

2.      Defendant Ford was served with the Complaint on May 10, 2018. *See id*.

3.      All "process, pleadings, and orders served upon" Ford are attached hereto as **Exhibit B**.

4.      Ford is filing this notice of removal within 30 days after service of summons upon Ford, rendering this notice timely.  *See* 28 U.S.C. § 1446; *see also Garrett v. Cook*, 652 F.3d 1249, 1253 (10th Cir. 2011) (A "defendant must remove a case to federal court within thirty days after the receipt by the defendant, through service or otherwise, or a copy of the initial pleading.") (internal quotation marks omitted).

5.      Defendant Ford is incorporated under the laws of the state of Delaware and maintains its principal place of business in the state of Michigan.

6.      Defendant Volkswagen Group of America is incorporated under the laws of the state of New Jersey and maintains its principal place of business in the state of Virginia.

7.      Honda North America, Inc., is incorporated under the laws of California and maintains its principal place of business in California.

8.      On information and belief, defendant The Goodyear Tire & Rubber Company is incorporated under the laws of the state of Ohio and maintains its principal place of business in Ohio.

9.      On information and belief, defendant Honeywell International, Inc., is incorporated under the laws of the state of Delaware and maintains its principal place of business in New Jersey.

10.     On information and belief, defendant Kelsey-Hayes Company is incorporated under the laws of the state of Delaware and maintains its principal place of business in Michigan.

11.     On information and belief, defendant Morton International, LLC, is incorrectly named as "Morton International, Inc., as successor-in-interest to Thiokol, Inc., as successor-in-interest to Thiokol Corporation."  Morton International, LLC, is wholly owned by Rohm and Haas Chemicals.  Rohm and Haas Chemicals is incorporated under the laws of the state of Delaware and maintains it principal place of business in Pennsylvania.

12.     On information and belief, defendant Schaeffler Group USA, Inc., a/k/a Luk Automotive Systems is incorporated under the laws of the state of Delaware and maintains its principal place of business in South Carolina.

13.     On information and belief, defendant Pneumo Abex, LLC, is incorrectly named as "Pneumo Abex Corporation."  Pneumo Abex, LLC, is a Delaware limited liability company whose sole member is the Pneumo Abex Asbestos Claims Settlement Trust (a Delaware statutory trust).  For purposes of citizenship, the trustees of the Pneumo Abex Asbestos Claims Settlement Trust are residents of South Carolina, Pennsylvania, and Delaware.  The Pneumo Abex Asbestos Claims Settlement Trust is not publicly traded and is not owned by any other entity.  The principal place of business for Pneumo Abex LLC is Spring, TX.

14.     On information and belief, defendant LuK-Aftermarket Services, LLC is an LLC with its principal place of business in Ohio. The sole member of LuK-Aftermarket Services, LLC is LuK Clutch Systems, LLC, which has a principal place of business in Ohio.  The sole member of LuK Clutch is LuK USA LLC, which has its principal place of business in Ohio.  The sole member of LuK USA is Schaeffler Group USA, Inc. Schaeffler Group USA, Inc., is incorporated under the laws of the state of Delaware and maintains its principal place of business in South Carolina.

15.     On information and belief, defendant Maremont Corporation is incorporated under the laws of the state of Delaware and maintains its principal place of business in Michigan.

16.     On information and belief, defendant Lear-Siegler, Inc., is incorporated under the laws of the state of Delaware and maintains its principal place of business in New Jersey.

17.     On information and belief, defendant Dco, LLC is incorrectly named as "Dana Companies, LLC."  Dco, LLC is a citizen of Georgia and Florida by virtue of the following corporate lineage: (1) DCo, LLC, a Virginia limited liability company, is wholly owned by Enstar Holdings (US) LLC; (2) Enstar Holding (US) LLC, a Delaware limited liability company, is wholly owned by Enstar USA, Inc; and (3) Enstar USA, Inc. is a Georgia corporation with its principal place of business in Florida.

18.     On information and belief, defendant Borg-Warner Morse Tec, LLC, as successor by merger to Borg Warner Corporation has as its sole member BorgWarner, Inc.  BorgWarner, Inc. is incorporated under the laws of Delaware and maintains its principal place of business in Michigan.

19.     On information and belief, defendant Blue Bird Global Corporation is incorrectly named as "Blue Bird Corporation."  Blue Bird Global Corporation is incorporated under the laws of Delaware and maintains its principal place of business in Georgia.

20.     On information and belief, defendant Boise Cascade Company is incorrectly named as "Boise Cascade LLC."  Boise Cascade Company is incorporated under the laws of Delaware and maintains its principal place of business in Idaho.

21.     On information and belief, defendant Continental Teves, Inc., is incorporated under the laws of Delaware and maintains its principal place of business in Michigan.

22.     On information and belief, the trustees and beneficial owners of defendant Federal Mogul Asbestos Personal Injury Trust as successor to Fel-Pro do not have Utah citizenship.

23.     On information and belief, Winnebago Industries, Inc., is incorporated under the laws of Iowa and maintains its principal place of business in Iowa.

24.     As detailed above, none of the defendants are citizens of the state of Utah, are incorporated in the state of Utah or have their principal place of business in the state of Utah.

25.     As alleged in the Complaint and on information and belief, all plaintiffs are citizens of the state of Utah.

26.     This action therefore is between citizens of different states, satisfying the diversity requirements under 28 U.S.C. § 1332(a)(1).

27.     Plaintiffs seek monetary relief "in excess of $1,000,000."  Complaint ¶ 22.

28.     Therefore, the matter in controversy exceeds the sum or value of $75,000, the jurisdictional minimum set forth in 28 U.S.C. § 1332(a).

29.     On information and belief, all properly joined and served defendants have consented to removal.  *See* signed consent forms, **Exhibit C**.

30.     Therefore, the requirement under 28 U.S.C. § 1446(b)(2) that "all defendants who have been properly joined and served must join in or consent to the removal of the action" is satisfied.

31.     A copy of this Notice of Removal will be served upon plaintiffs through their attorneys of record and upon the Clerk of the Third Judicial District Court of Salt Lake County, Utah, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, notice is given that this action is removed from the Utah Third Judicial District Court, Salt Lake County, to the United States District Court for the District of Utah.

DATED this 11th day of June, 2018

Respectfully submitted,

/s/ Dan R. Larsen
*Attorney for Ford Motor Company*