# Exhibit A

Mark F. James (5295)
mjames@hjdlaw.com
**HATCH, JAMES & DODGE, P.C.**
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Lawrence K. Holcomb (Pro Hac Vice Pending)
lholcomb@flintlaw.com
**FLINT LAW FIRM, LLC**
222 E Park St, Suite 500
Edwardsville, Illinois 62025
Telephone: (618) 288-4777
Facsimile: (618) 288-2864

*Attorneys for Plaintiffs*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| Diane Larsen, Individually and as Personal Representative of the Estate of JESSE LABRUM, Deceased, CAROLYN DUTSON, DON LABRUM, GARY LABRUM, DOYLE LABRUM, and PEARL KOYLE LABRUM, | COMPLAINT AND JURY TRIAL DEMAND |
| Plaintiffs, | Case No. 180902181 |
| | Judge Patrick Corum |
| vs. | Master Case No. 010900863 AS |
| BLUE BIRD CORPORATION; BOISE CASCADE, L.L.C.; BORG-WARNER MORSE TEC, LLC as successor by merger to BORG WARNER CORPORATION; CONTINENTAL TEVES, INC.; DANA COMPANIES, LLC; FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to FEL-PRO; FORD MOTOR COMPANY; THE GOODYEAR TIRE & RUBBER COMPANY; HONDA NORTH | Judge Randall Skanchy TIER III |

AMERICA, INC.; HONEYWELL                    )
INTERNATIONAL, INC.; KELSEY-                )
HAYES COMPANY; LEAR-SIEGLER,                )
INC.; LUK-AFTERMARKET                       )
SERVICES, LLC; MAREMONT                     )
CORPORATION; MORTON                         )
INTERNATIONAL, INC., as                     )
successor-in-interest to THIOKOL, INC.,     )
as successor-in-interest to THIOKOL         )
CORPORATION; PNEUMO ABEX                    )
CORPORATION; SCHAEFFLER                     )
GROUP USA, INC., a/k/a LUK                  )
AUTOMOTIVE SYSTEMS;                         )
VOLKSWAGEN GROUP OF AMERICA,                )
INC.; and WINNEBAGO INDUSTRIES             )
INC.,                                       )
                                            )
          Defendants.

---

Plaintiffs DIANE LARSEN, Individually and as Personal Representative of the Estate of

JESSE LABRUM, Deceased, CAROLYN DUTSON, DON LABRUM, GARY LABRUM,

DOYLE LABRUM, and PEARL KOYLE LABRUM complain of the various Defendants listed

below, and for causes of action allege as follows:

1.    Plaintiff DIANE LARSEN resides at 7505 South Bekkemellon Way, Salt Lake

City, Utah 84121.

2.    Plaintiff CAROLYN DUTSON resides at 6678 W. 13400 S, Herriman, Utah

84096.

3.    Plaintiff DON LABRUM resides at 13390 S 7530W, Herriman, Utah 84096.

4.    Plaintiff GARY LABRUM resides at 125 Innsbruck Strasse, Park City, Utah

84098.

5.    Plaintiff DOYLE LABRUM resides at 3036 S 7750 W, Magna, Utah 84044.

2

6.      Plaintiff PEARL KOYLE LABRUM resides at 13590 S 7300 W, Herriman, Utah, 84096.

7.      Defendant **BLUE BIRD CORPORATION** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant.

8.      Defendant **BOISE CASCADE, L.L.C.,** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant.

9.      Defendant **BORG WARNER MORSE TEC, LLC as successor by merger to BORG WARNER CORPORATION,** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant.

10.     Defendant **CONTINENTAL TEVES, INC.,** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant.

11.     Defendant **DANA COMPANIES, LLC,** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant.

12.     Defendant **FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to FEL-PRO** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant.

13.     Defendant **FORD MOTOR COMPANY,** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant.

3

14.     Defendant **THE GOODYEAR TIRE & RUBBER COMPANY,** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant.

15.     Defendant **HONDA NORTH AMERICA, INC.,** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant

16.     Defendant **HONEYWELL INTERNATIONAL INC.** has at all times relevant to this litigation conducted business in Utah.  **HONEYWELL INTERNATIONAL INC.** is being sued individually and as successor to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION.  This Defendant is being sued as a Friction Defendant.

17.     Defendant **KELSEY-HAYES COMPANY**, as at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant.

18.     Defendant, **LEAR-SIEGLER, INC.,** has at all times relevant to this litigation conducted business in Utah.  This Defendant is being sued as a Manufacturer Defendant and Friction Defendant.

19.     Defendant, **LUK-AFTERMARKET SERVICES, LLC**, has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant.

20.     Defendant **MAREMONT CORPORATION** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant.

21.     Defendant **MORTON INTERNATIONAL, INC., as successor-in-interest to THIOKOL, INC., as successor-in-interest to THIOKOL CORPORATION**, has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant

22.     Defendant **PNEUMO ABEX CORPORATION** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant.

23.     Defendant **SCHAEFFLER GROUP USA, INC., a/k/a LUK AUTOMOTIVE SYSTEMS**, has at all times relevant to this litigation conducted business in Utah.  This Defendant is being sued as a Manufacturer Defendant and Friction Defendant.

24.     Defendant **VOLKSWAGEN GROUP OF AMERICA, INC.,** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant.

25.     Defendant **WINNEBAGO INDUSTRIES INC.,** has at all times relevant to this litigation conducted business in Utah. This Defendant is being sued as a Manufacturer Defendant and as a Friction Defendant.

26.     Each and every allegation in this Complaint is expressly incorporated into each Count set forth herein, to the extent applicable, and also is made in the alternative to, as well as in addition to, every other allegation.

## BACKGROUND

1.     Decedent JESSE LABRUM ("Mr. Labrum") was born on September 14, 1925 in Lapoint, Utah.  Mr. Labrum lived in Utah his entire life. Mr. Labrum served in the United States

Army as a mechanic and marksman from January 28, 1944 to March 8, 1946 in the Pacific Theater of World War II. He received the Asiatic Pacific Theater Service Ribbon, the Good Conduct Medal and the Victory Medal. Since at least the early 1960s, Mr. Labrum owned and operated Labrum Auto Wrecking in Salt Lake City.   Upon information and belief, Mr. Labrum worked with and around asbestos-containing products and equipment, which released injurious levels of asbestos containing dust that was ultimately inhaled by him.

2.      Mr. Labrum was exposed to asbestos from brakes, clutches, and gaskets during his maintenance of vehicles and equipment in the United States Army.

3.      Mr. Labrum was exposed to asbestos from brakes, clutches, and gaskets during his dismantling of vehicles as the main part of Labrum Auto Wrecking's business.

4.      Mr. Labrum was also exposed to asbestos from brakes, clutches, and gaskets during maintenance, repair, and restoration of his personal vehicles.

5.      Investigation into Mr. Labrum's additional exposures, if any, is ongoing.

6.      Based on information and belief, the products Mr. Labrum was exposed to throughout her lifetime which contained and/or were contaminated with asbestos were utilized, mined, designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied, removed, and/or sold by Defendants.

7.      As a direct and proximate result of having inhaled, ingested, or otherwise been exposed to asbestos as described in the foregoing paragraphs, Mr. Labrum contracted malignant mesothelioma, an incurable and terminal cancer caused by asbestos exposure, and he suffered and physically, financially, mentally, and emotionally as a direct result of that condition.   Decedent

6

JESSE LABRUM's malignant mesothelioma was diagnosed on or about June 8, 2017, and he was informed of this diagnosis some time thereafter.

## JURISDICTION AND VENUE

8.      This Court has personal jurisdiction over Plaintiff's claims against BLUE BIRD CORPORATION, BOISE CASCADE, L.L.C., BORG-WARNER MORSE TEC, L.L.C., as successor by merger to BORG WARNER CORPORATION, CONTINENTAL TEVES, INC., DANA COMPANIES, LLC, FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to FEL-PRO, FORD MOTOR COMPANY, THE GOODYEAR TIRE & RUBBER COMPANY, HONDA NORTH AMERICA, INC., HONEYWELL INTERNATIONAL, INC., KELSEY-HAYES COMPANY, LEAR-SIEGLER, INC., LUK-AFTERMARKET SERVICES, LLC, MAREMONT CORPORATION, MORTON INTERNATIONAL, INC., as successor-in-interest to THIOKOL, INC., as successor as successor-in-interest to THIOKOL CORPORATION, PNEUMO ABEX CORPORATION, SCHAEFFLER GROUP USA, INC., a/k/a LUK AUTOMOTOVE SYSTEMS, VOLKSWAGEN GROUP OF AMERICA, INC., and WINNEBAGO INDUSTRIES, INC., because they are all national and/or multinational corporations that intentionally marketed and sold their asbestos-containing products in all states, including Utah, purposefully availing themselves of customers in this state, including Decedent JESSE LABRUM.  Decedent JESSE LABRUM was exposed to these products in Utah.

## COUNT ONE
## ALLEGATIONS AGAINST MANUFACTURING AND FRICTION DEFENDANTS
### (Wrongful Death)

9.      Plaintiffs allege that Decedent JESSE LABRUM was exposed to asbestos-containing products requiring or calling for the use of asbestos or asbestos-containing products as

set forth in the Background Section, *supra*. Each Defendant corporation and/or limited liability company, BLUE BIRD CORPORATION, BOISE CASCADE, L.L.C., BORG-WARNER MORSE TEC, L.L.C., as successor by merger to BORG WARNER CORPORATION, CONTINENTAL TEVES, INC., DANA COMPANIES, LLC, FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to FEL-PRO, FORD MOTOR COMPANY, THE GOODYEAR TIRE & RUBBER COMPANY, HONDA NORTH AMERICA, INC., HONEYWELL INTERNATIONAL, INC., KELSEY-HAYES COMPANY, LEAR-SIEGLER, INC., LUK-AFTERMARKET SERVICES, LLC, MAREMONT CORPORATION, MORTON INTERNATIONAL, INC., as successor-in-interest to THIOKOL, INC., as successor as successor-in-interest to THIOKOL CORPORATION, PNEUMO ABEX CORPOATION, SCHAEFFLER GROUP USA, INC., a/k/a LUK AUTOMOTOVE SYSTEMS, VOLKSWAGEN GROUP OF AMERICA, INC., and WINNEBAGO INDUSTRIES, INC., or its predecessors-in-interest is, or at times material hereto, has been engaged in the mining, processing, manufacturing, sale, and distribution of asbestos or asbestos-containing products requiring or calling for the use of asbestos and asbestos-containing products.  Plaintiffs would show that Mr. Labrum was exposed, on numerous occasions, to asbestos-containing products requiring or calling for the use of asbestos or asbestos-containing products produced and sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers.  Further, Plaintiffs allege, as more specifically set out below, that Mr. Labrum suffered illness, injuries and death which were proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.    Mr. Labrum breathed these asbestos fibers as a result of direct and indirect contact with various asbestos-containing products requiring or calling for, the use of asbestos or asbestos-containing products as

8

outlined in the Background Section, *supra*.  In that each exposure to such products caused or contributed to Plaintiff Decedent's injuries, the doctrine of joint and several liability should be extended to apply to each Defendant herein.

10.     Decedent JESSE LABRUM was exposed to asbestos-containing products requiring or calling for the use of asbestos or asbestos-containing products that were manufactured, designed, and distributed by the Defendants and their predecessors-in-interest.  Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products were in this defective condition at the time they were designed by or left the hands of Defendants.  Plaintiffs would show that Defendants' asbestos-containing products requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products.  Plaintiffs would show that this market defect rendered such products requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants.  Plaintiffs would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

11.     The Defendants are or were engaged in the business of selling, manufacturing, producing, designing, and otherwise putting into the stream of commerce asbestos-containing products requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products, without substantial change in the condition in which they were sold,

9

manufactured, produced, designed, and otherwise put into the stream of commerce, were a proximate and producing cause of the injuries, illness and death of Decedent JESSE LABRUM.

12.     Defendants knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation or installation of the asbestos-containing products or operation, maintenance and repair of the machinery requiring or calling for the use of asbestos and asbestos-containing products.

13.     Decedent JESSE LABRUM was unaware of the hazards and defects in the asbestos-containing products of the Defendants, which made them unsafe for purposes of manipulation or installation.  Similarly, Decedent JESSE LABRUM was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and asbestos-containing materials.

14.     During the periods that Decedent JESSE LABRUM was exposed to the asbestos-containing products of the Defendants, these asbestos-containing products were being utilized in a manner, which was intended by Defendants.

15.     In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products requiring or calling for the use of asbestos and asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent or represented a substantial share of the relevant market of asbestos-containing products requiring or calling for the use of asbestos and asbestos-containing products at all times material to the cause of action.  Consequently, each Defendant should be held jointly and severally liable under the

doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

16.     The injuries, illness and death of Decedent JESSE LABRUM are a direct and proximate result of the negligence of each Defendant and its predecessor-in-interest in that said entities produced, designed, sold, and otherwise put into the stream of commerce asbestos and asbestos-containing products requiring or calling for the use of asbestos and asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Decedent JESSE LABRUM's health and well-being.  Certain Defendants created hazardous and deadly conditions to which Decedent JESSE LABRUM was exposed and which caused Decedent JESSE LABRUM to be exposed to a large amount of asbestos fibers, as a result of the use of various asbestos-containing materials during various home renovation and remodeling and construction projects. The Defendants were negligent in one, some, or all of the following respects, among others, same being the proximate cause of Decedent JESSE LABRUM's injuries, illness and death:

(a)     in failing to timely and adequately warn Decedent JESSE LABRUM of the dangerous characteristics and serious health hazards associated with exposure to asbestos and asbestos-containing products;

(b)     in failing to provide Decedent JESSE LABRUM with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Decedent JESSE LABRUM from being harmed and disabled by exposure to asbestos and asbestos-containing products;

11

(c)     in failing to place timely and adequate warnings on the containers of said asbestos and asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt, and enforce a safety plan and safe method of handling and installing asbestos and asbestos-containing products in a safe manner;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products;

(f)     in failing to properly design and manufacture asbestos and asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products before they were released for consumer use; and

(h)     in failing to recall or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

## COUNT TWO
## LOSS OF CONSORTIUM ALLEGATIONS AGAINST ALL DEFENDANTS

17.     Plaintiff PEARL KOYLE LABRUM brings this cause of action against all Defendants for the loss of consortium in the marital relationship between her spouse, JESSE LABRUM, Deceased and herself. PEARL KOYLE LABRUM has suffered damages, both past and future, as a result of the acts and omissions of the Defendants described herein. The permanent physical injuries and death of Decedent JESSE LABRUM were a direct and proximate cause by the Defendants to Decedent JESSE LABRUM, and, as a result, those injuries, illness and death

12

have detrimentally impaired the love, companionship, comfort, affection, solace, moral support, and physical assistance in the operating and maintaining a home that Plaintiffs once shared in their marital relationship, causing PEARL KOYLE LABRUM pain and suffering in the past and to which she will continue to suffer in the future.

## COUNT THREE
### GROSS NEGLIGENCE ALLEGATIONS AGAINST ALL DEFENDANTS

18.     All of the allegations contained in the previous paragraphs are re-alleged herein.

19.     The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct or malice resulting in damages, injuries and death to Decedent JESSE LABRUM. Defendants' conduct was specifically intended by Defendants to cause substantial injury, illness and death to Decedent JESSE LABRUM, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendant that the conduct would, in reasonable probability, result in human deaths or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness or malice with regard to Decedent JESSE LABRUM and should be held liable in punitive and exemplary damages to Plaintiffs.

## DAMAGES

20.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Decedent JESSE LABRUM, and of the following general and special damages including:

13

(a)     Damages to punish Defendants for proximately causing Decedent JESSE
LABRUM's untimely death;

(b)     The conscious physical pain and suffering and mental anguish sustained by
Plaintiffs and Decedent JESSE LABRUM;

(c)     The physical impairment suffered by Decedent JESSE LABRUM;

(d)     The disfigurement suffered by Decedent JESSE LABRUM;

(e)     Reasonable and necessary medical expenses incurred by Decedent JESSE
LABRUM;

(f)     Decedent JESSE LABRUM's lost earnings and net accumulations;

(g)     Reasonable funeral and burial expenses incurred by Decedent JESSE LABRUM's
estate;

(h)     Decedent JESSE LABRUM's mental anguish caused by the extraordinarily
increased likelihood of developing (or the recurrence and progression of)
asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said
exposure to products manufactured, sold and distributed by the named
Defendants;

(i)     Past and future loss of the companionship and society, care, maintenance services,
support, advice, counsel and consortium which Plaintiffs would have received
from the Decedent JESSE LABRUM prior to her disability, injuries, illness and
death caused by her exposure to asbestos;

14

(j)     The past and future mental anguish suffered by Decedent JESSE LABRUM's heirs as a consequence of observing the last illness, injuries and death of the Decedent JESSE LABRUM;

(k)    The past and future pecuniary loss and loss of inheritance suffered by Decedent JESSE LABRUM's heirs as a consequence of the death of Decedent JESSE LABRUM;

(l)     Plaintiffs seek punitive and exemplary damages; and

(m)    Any and all recoverable survival and wrongful death damages on behalf of all statutory beneficiaries of the Decedent JESSE LABRUM.

21.     Plaintiffs filed suit within two (2) years of the date of discovering Decedent JESSE LABRUM's asbestos-related conditions or the existence of any asbestos-related causes of action.

22.     Plaintiffs seek monetary relief in excess of $1,000,000.

23.     Plaintiffs discovered Decedent JESSE LABRUM's injury and its cause less than two years prior to the filing of this petition.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general and specific damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

15

Dated this 28th day of March, 2018.

Respectfully submitted,

**HATCH, JAMES & DODGE, P.C.**

By:   /s/ *Mark F. James*
Mark F. James

**FLINT LAW FIRM, LLC**
Lawrence K. Holcomb

ATTORNEYS FOR PLAINTIFFS

**This complaint is filed on behalf of:**
DIANE LARSEN, Individually and as Personal Representative of the Estate of JESSE LABRUM,
Deceased
7505 South Bekkemellon Way
Salt Lake City, Utah 84121

CAROLYN DUTSON
6678 W. 13400 S
Herriman, Utah 84096

DON LABRUM
13390 S 7530W
Herriman, Utah 84096

GARY LABRUM
125 Innsbruck Strasse
Park City, Utah 84098

DOYLE LABRUM
3036 S 7750 W
Magna, Utah 84044

PEARL KOYLE LABRUM
13590 S 7300 W
Herriman, Utah, 84096

## COUNTY COURT, COUNTY OF SALT LAKE

| | |
|---|---|
| Plaintiff/Petitioner: **Diane Larsen, Individually and as Personal Representative of the Estate of Jesse Labrum, Deceased, Carolyn Dutson, Don Labrum, Gary Labrum, Doyle Labrum, and Pearl Koyle Labrum** | **PROOF OF SERVICE** |
| vs. | Case No: **180302181**<br>Court Date/Time: **00/00/0000 / 12:00 AM** |
| Defendant/Respondent: **Blue Bird Corporation; Boise Cascade LLC; Borg-Warner Morse TEC LLc as successor by merger to Borg Warner Corporation; Conteinental Teves, Inc.; Dana Companies, LLC; Federal Mogul Asbestos PErsonal INjury Trust as successor to Fel-Pro; Ford Motor Company;** | Court Room: |

Legal documents received by Statewide Process Servers on the 8th day of May, 2018 at 10:34 AM to be served on:

**Ford Motor Company**
1108 E South Union Ave
Midvale, UT 84047

I, **Adam Robins**, am over the age of 18, I am not a party to this action, and I am not an attorney for a party to this action. On the **10th May, 2018 at 02:04 PM**, I did the following:

**Corporate Serve:** By personally handing the legal document(s) with a conformed copy of this **SUMMONS AND COMPLAINT** to **Holli Tharp**, **AUTHORIZED PERSON**, at **1108 E South Union Ave, Midvale, UT 84047** at approximately **02:04 PM** on **10th May, 2018**.

**Supplemental Data Appropriate to this Service:**

I have not included any non-public information in this document.

I declare under penalty of Utah Code Section 78B-5-705 that everything stated in this document is true and correct.



X_____
Adam Robins - PI# A103445
Statewide Process Servers
PO Box 845
West Jordan, UT, 84084
801-809-4133

Service
Fee:
**$35.00**

**Hatch James Dodge**
**10 W Broadway Suite 400**
**Salt Lake City, UT 84101**
**(801) 363-6363**
**Atty File#: 180302181**

154711   154711   154711   154711   154711   154711

Mark F. James (5295)
mjames@hjdlaw.com
**HATCH, JAMES & DODGE, P.C.**
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Lawrence K. Holcomb (Pro Hac Vice Pending)
lholcomb@flintlaw.com
**FLINT LAW FIRM, LLC**
222 E Park St, Suite 500
Edwardsville, Illinois 62025
Telephone: (618) 288-4777
Facsimile: (618) 288-2864

*Attorneys for Plaintiffs*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| Diane Larsen, Individually and as Personal Representative of the Estate of JESSE LABRUM, Deceased, CAROLYN DUTSON, DON LABRUM, GARY LABRUM, DOYLE LABRUM, and PEARL KOYLE LABRUM, | SUMMONS (FORD MOTOR CORPORATION) Case No. 180902181 Judge Patrick Corum |
| Plaintiffs, vs. | Master Case No. 010900863 AS Judge Randall Skanchy |
| BLUE BIRD CORPORATION; BOISE CASCADE, L.L.C.; BORG-WARNER MORSE TEC, LLC as successor by merger to BORG WARNER CORPORATION; CONTINENTAL TEVES, INC.; DANA COMPANIES, LLC; FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to FEL-PRO; FORD MOTOR COMPANY; THE GOODYEAR TIRE & RUBBER COMPANY; HONDA NORTH | TIER III |

AMERICA, INC.; HONEYWELL                      )
INTERNATIONAL, INC.; KELSEY-                  )
HAYES COMPANY; LEAR-SIEGLER,                  )
INC.; LUK-AFTERMARKET                         )
SERVICES, LLC; MAREMONT                       )
CORPORATION; MORTON                           )
INTERNATIONAL, INC., as                       )
successor-in-interest to THIOKOL, INC.,       )
as successor-in-interest to THIOKOL           )
CORPORATION; PNEUMO ABEX                      )
CORPORATION; SCHAEFFLER                       )
GROUP USA, INC., a/k/a LUK                    )
AUTOMOTIVE SYSTEMS;                           )
VOLKSWAGEN GROUP OF AMERICA,                  )
INC.; and WINNEBAGO INDUSTRIES                )
INC.,                                         )
                                              )
               Defendants.

---

THE STATE OF UTAH TO: **FORD MOTOR CORPORATION**

      You are summoned and required to answer the accompanying Complaint. Within 21 days

after service of this summons, you must file your written answer with the clerk of the court at the

following address:

      450 South State Street, Salt Lake City, UT 84114

and you must mail or deliver a copy to Plaintiffs' attorneys at the address listed above. If you fail

to do so, judgment by default may be taken against you for the relief demanded in the Complaint.

2

Dated this 7th day of May, 2018.

                             Respectfully submitted,

                             **HATCH, JAMES & DODGE, P.C.**

By:     /s/  *Mark F. James*
              Mark F. James

                             **FLINT LAW FIRM, LLC**
                             Lawrence K. Holcomb

                             ATTORNEYS FOR PLAINTIFFS

**Serve Defendant Ford Motor Company at:**

**Ford Motor Company**
**c/o Registered Agent - Ct Corporation System**
**1108 East South Union Avenue**
**Midvale, Utah 84047**