Stephen D. Kelson, No. 08458
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
801-323-5000
stephen.kelson@chrisjen.com
asbestos.group@chrisjen.com

*Attorney for Defendant, The Goodyear Tire & Rubber Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SALLY SYLVESTER, Individually and as Personal Representative of the Estate of JESSE LABRUM, Deceased, DOYLE LABRUM, WAYNE LABRUM, DIANE LARSEN, CAROLYN DUTSON, DON LABRUM, GARY LABRUM, AND BRUCE LABRUM,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE BIRD CORPORATION, et al.,<br><br>Defendants. | **DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:18-cv-00470-DB<br><br>Judge Dee Benson<br>Magistrate Cecilia M. Romero |

Defendant The Goodyear Tire & Rubber Company ("Goodyear Tire") submits this Motion for Summary Judgment, pursuant to Fed. R. Civ. P. Rule 56 and DuCivR 56-1.

I.   **INTRODUCTION AND STATEMENT OF RELIEF REQUESTED**

In the present case, Plaintiffs allege that Jesse Labrum (deceased) was exposed to asbestos from brakes, clutches and gaskets, including during the dismantling of vehicles as part of his family business. Plaintiffs allege that, as a result of exposure to defendants' asbestos-containing products, Jesse Labrum contracted malignant mesothelioma and died from the cancer.

Although written discovery has been exchanged and depositions of Plaintiffs' product identification witnesses have been taken, Plaintiffs have failed to present any evidence that Jesse

Labrum was ever exposed to any asbestos-containing product manufactured or supplied by Goodyear Tire. Accordingly, Goodyear Tire requests that this Court grant its motion for summary judgment and dismiss all claims against it with prejudice.

## II.  STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiffs filed the above-captioned lawsuit against certain product manufacturers, sellers, distributors, and suppliers, including Goodyear Tire, for Mr. Labrum's alleged exposures to asbestos, diagnosis of mesothelioma, and wrongful death, in the Third Judicial District Court, Salt Lake County, Utah.[1] The case was subsequently removed to the United States District Court.[2]

2. Plaintiffs allege that Mr. Labrum was exposed to asbestos from brakes, clutches, and gaskets while he owned and operated Labrum Auto Wrecking, and during maintenance, repair and restoration of his personal vehicles.[3]

3. Mr. Labrum's children, Don Labrum, Wayne Labrum and Doyle Labrum were respectively deposed on February 25th, 26th and 27th, 2020. Not one of them named, testified about or identified any Goodyear Tire equipment or product.

4. Plaintiffs have not identified any other witnesses who will offer product identification testimony in this case.

5. Other than the unsupported allegations in their Complaint and Amended Complaint, Plaintiffs have offered no evidence that identifies any product manufactured or sold by Goodyear Tire, let alone any asbestos-containing product.

6. Fact discovery in this case closed on May 15, 2020.[4]

---

[1] *See* Dkt. 2, at Exhibit A.
[2] *See* Dkt. 2.
[3] *Id*. at Background ¶¶ 2-4; *see also* Appendix, Ex. A, at Answer 8(d); Appendix, Ex. B, at Answer 8(d).

2

### III.   ARGUMENT

#### A.   Summary Judgment Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and [that defendant] is entitled to judgment as a matter of law."[5] "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6]

The party seeking summary judgment has the initial burden of showing that no issue of material fact exists; however, the moving party's initial burden is slight, and Rule 56 does not require the movant to negate the opponent's claim.[7] "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried."[8] "To avoid summary judgment," Plaintiffs "must do more than whet the curiosity of the court; [they] must support vague accusations and surmise with concrete particulars."[9] Summary judgment may not be defeated "on the gossamer threads of whimsey, speculation and conjecture."[10] "Unsupported conclusory allegations . . . do no create an issue of fact."[11]

#### B.   Applicable Standard of Proof

Because this case was filed in Utah, it must be analyzed under applicable Utah law. To avoid summary judgment, the plaintiff needs to "submit some evidence that there was a defect in

---

[4] *See* Dkt. 78, at Section 2(n).
[5] FED. R. CIV. P. 56(a).
[6] *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).
[7] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).
[8] *Southway v. Cent. Bank of Nigeria*, 149 F. Supp. 2d 1268, 1273 (D. Colo. 2001), *aff'd* 328 F.3d 1267 (10th Cir. 2003).
[9] *Applegate v. Top Assocs., Inc.*, 425 F.2d 92, 96 (2d Cir. 1970).
[10] *Hahn v. Sargent*, 523 F.2d 461, 467 (1st Cir. 1975).
[11] *MacKenzie v. Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).

the [product], that the defect existed at the time the [product] was sold, and that the defect made the [product] unreasonably dangerous.[12]

Pursuant to the Utah Product Liability Act, UTAH CODE ANN. § 78B-6-7013:

> In any action for damages for personal injury, death, or property damage allegedly caused by a defect in a product, a product may not be considered to have a defect or to be in a defective condition, unless at the time the product was sold by the manufacturer or other initial seller, there was a defect or defective condition in the product which made the product unreasonably dangerous to the user or consumer.[13]

Pursuant to UTAH CODE ANN. § 78B-6-703, there is a statutory presumption of non-defectiveness.[14] To overcome this presumption, the plaintiff in a strict liability action "must prove by a preponderance of the evidence that the product is unreasonably dangerous."[15]

It is Plaintiffs' burden to establish that a product is the cause of injury.[16] Pursuant to Utah law, causation is an essential element of the plaintiff's case, whether a case proceeds under strict liability, negligence or other tortious theory of liability.[17] In the asbestos litigation context, the Utah Court of Appeals has held that "causation hinged on determining whether [the plaintiff's] exposure to a particular defendant's asbestos or asbestos-containing product . . . were,

---

[12] *Kleinert v. Kimball Elevator Co.*, 854 P.2d 1025, 1027 (Utah Ct. App. 1993 (mere allegations that "because she was injured, the [product] must have been defective" was not enough to survive summary judgment); *accord Niemela v. Imperial Mfg., Inc.*, 2011 UT App 333, ¶10, 263 P.3d 1191, *cert. denied*, 272 P.3d 168 (allegations of defects in mailboxes did not render them unreasonably dangerous).
[13] UTAH CODE ANN. § 78B-6-703(1) (West 2008).
[14] *Id.*
[15] *Niemela*, 2011 UT App 333, ¶10 (*citing Egbert v. Nissan North Am., Inc.*, 2007 UT 64 ¶¶14-16, 167 P.3d 1058).
[16] *Id.*
[17] *Brown v. Sears, Roebuck & Co.*, 328 F.3d 1274, 1279 (10th Cir. 2003) ("The plaintiff must show (1) that the product was unreasonably dangerous due to a defect or defective condition, (2) that the defect existed at the time the produce was sold, and (3) that *the defective condition was a cause of the plaintiff's injuries*.") (emphasis added); *Lamb v. B&B Amusements Corp.*, 869 P.2d 926, 929 (Utah 1993) ("[P]laintiff must allege… (3) that the defective condition was a cause of plaintiff's injuries."); *Williams v. Melby*, 699 P.2d 723, 726 (Utah 1985) (a prima facie case of negligence requires proximate and actual causation of the injury).

4

individually, substantial factors behind [the plaintiff's] having developed peritoneal mesothelioma."[18] Other courts have similarly held that plaintiffs bear the burden of proof on the issue of exposure to a defendant's product and have held that where there is no exposure there is no causation.[19]

In the asbestos cases pending in the Utah State Court, all of which are adjudicated in the Third Judicial District under one assigned judge, an articulated standard of proof has been law of the cases. "Plaintiffs have the burden of proving that the plaintiff has or had an asbestos related injury, *that plaintiff was exposed to an asbestos containing product manufactured by defendant*, and that the exposure to the asbestos-containing product was a substantial factor in causing the injury."[20] The same should be applied to this case.

In the present case, Plaintiffs have failed to meet their burden to present factual evidence that Mr. Labrum was ever exposed to an asbestos containing product manufactured by Goodyear Tire. Failing to identify any such product, Plaintiffs cannot meet their burden to prove by a preponderance of the evidence that a product manufactured by Goodyear Tire was unreasonably dangerous. Accordingly, Goodyear Tire should be dismissed with prejudice.

Moreover, Plaintiffs have failed to present evidence that Mr. Labrum was exposed to any Goodyear Tire product, whether such product contained asbestos or not. No witness identified Goodyear Tire. It is the underlying tenet of asbestos cases that the Plaintiffs must show actual exposure to a product manufactured by a defendant. No such evidence exists in this case.

---

[18] *Riggs v. Asbestos Corp. Ltd.*, 2013 UT App 86, ¶32, 304 P.3d 61.
[19] *See, e.g., Chism v. W.R. Grace & Co.*, 158 F.3d 988, 992 (8th Cir. 1998).
[20] Appendix, Ex. C, Mar. 15, 2006 Memorandum Decision, *Sortor v. Asbestos Defendants*, Case No. 040909899, Third Judicial District Court, Salt Lake County, at page 4 (emphasis added); *see also* Appendix, Ex. D, Sept. 6, 2007 Memorandum Decision, *In re: Asbestos Litigation*, Case No. 010900863, Third Judicial District Court, Salt Lake County.

Without proof of exposure to any asbestos-containing product manufactured by Goodyear Tire, Plaintiffs claims must be dismissed with prejudice.

### IV. CONCLUSION

The evidence in the above-captioned lawsuit does not support the allegations that Mr. Labrum was exposed to any asbestos from products sold, manufactured or supplied by Goodyear Tire. Moreover, there is no evidence to support the essential elements of the claims against Goodyear Tire. As Plaintiffs have failed to satisfy their burden of proof, Goodyear Tire requests that the Court grant its Motion for Summary Judgment and dismiss all claims against it with prejudice.

CHRISTENSEN & JENSEN, P.C.

/s/Stephen D. Kelson
Stephen D. Kelson
*Attorneys for Defendant The Goodyear Tire & Rubber Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of October, 2020, I caused a true and correct copy of the foregoing **DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY'S MOTION FOR SUMMARY JUDGMENT** to be served electronically in its entirety on all counsel of record in this case.

      /s/Stephanie Smith